UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mary Kern,

        Plaintiff,

v.

Chrysler UAW Pension Plan,

        Defendant.
_____/

Case No. 11-11970

Honorable Sean F. Cox

OPINION & ORDER ADOPTING
THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

Plaintiff Mary Kern ("Plaintiff) filed this ERISA action challenging the administrative decision of Defendant Chrysler UAW Pension Plan denying her request for widow's pension benefits. Thereafter, the parties filed cross-motions for judgment on the administrative record. Those motions were referred to Magistrate Judge Mark A. Randon, pursuant to 28 U.S.C. § 636, for issuance of a report and recommendation.

On March 16, 2012, Magistrate Judge Randon issued a Report and Recommendation ("R&R"), wherein he recommends that the Court grant Defendant's Motion for Judgment on the Administrative Record and deny Plaintiff's Motion for Judgment on the Administrative Record. On March 30, 2012, Plaintiff filed written objections to the March 16, 2012 R&R. (Objections, D.E. No. 20). For the reasons that follow, the Court **OVERRULES** the objections filed by Plaintiff and shall **ACCEPT** and **ADOPT** the R&R in its entirety.

BACKGROUND

John Kern was an employee of Chrysler LLC and a participant in the Chrysler UAW Pension Plan (the "Plan"). Mr. Kern married Plaintiff on April 19, 2004. (Doc. Entry No. 9,

1

Administrative Record ("AR") at 12). Mr. Kern died on August 4, 2004. (AR at 4).

Sometime after Mr. Kern's death,[1] Plaintiff contacted Chrysler's human resources department and inquired about her eligibility for widow's pension benefits. (AR at 9). Chrysler's human resources department informed Plaintiff that she was not eligible for widow's pension benefits because she had not been married to Mr. Kern for a full year prior to his death. (*Id.*).

On February 22, 2009 – four years later – Plaintiff's counsel sent a letter to Benefit Express, a service provided for the Plan, stating that Plaintiff is qualified for, and should receive widow's pension benefits. (*Id.*). Benefit Express responded in a letter dated April 23, 2009, advising Plaintiff to complete and return a Retirement Plan Claim Initiation Form. (AR at 19-20). Benefit Express acknowledged that it received Plaintiff's Retirement Plan Claim Initiation Form on May 17, 2010. (AR at 33).

In a letter dated May 11, 2010, the Plan denied Plaintiff's claim for widow's pension benefits because the Surviving Spouse Option ("SSO") of the Plan required Plaintiff to be married to Mr. Kern for at least one year before she could be elected as a beneficiary under the SSO. (AR at 34). Mr. Kern and Plaintiff had been married for less than four months before his death. (AR at 34-35).

On July 8, 2012, Plaintiff appealed the Plan's denial of benefits to the Chrysler Group LLC – UAW Pension Board of Administration (the "Board"). (AR at 37). For the same reasons cited in the Plan's May 11, 2010 letter to Plaintiff, the Board denied Plaintiff's appeal. (AR at

---

[1]In a February 22, 2009 letter from Plaintiff's counsel to Chrysler's service plan provider, Plaintiff's counsel states that Plaintiff requested her widow's pension benefits on April 30, 2004. This date cannot be accurate because Mr. Kern did not die until August 4, 2004.

2

42-43).

On May 4, 2011, Plaintiff filed her Complaint, pursuant to § 502(a)(1)(B), alleging that the Plan's denial of Plaintiff's widow's pension benefits was arbitrary and capricious.

## STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## ANALYSIS

In the R&R, Magistrate Judge Randon concluded that Defendant's interpretation that the Plan limits widow's pension benefits to marriages lasting at least a year (the "one-year marriage exception") was a rational interpretation of the Plan's provisions and was not arbitrary and capricious.

The Court can delineate three specific objections from Plaintiff's March 30, 2012 written objections. All of Plaintiff's objections are premised upon the assumption that the administrator did not draft a "one-year marriage exception" into the Plan when a participant dies, rather than retires, and that the R&R failed to address this omission. Plaintiff refers to this alleged omission as the "missing exception." Plaintiff's three objections are as follows: 1) The R&R did not account for and make "specific findings about the missing exception in order to support its finding of a rational interpretation;" 2) The R&R should not have accounted for "the administrator's interpretation relying upon plan language that is intended for a different fact

3

scenario" [presumably, retirement]; and 3) The R&R does not "explain how the controlling law is overcome without a clear exception to joint and survivor annuity benefits when a participant dies prior to retirement."[2]  (Objections at 2).

Plaintiff essentially makes the same argument that was rejected by Magistrate Judge Randon – that the administrator's interpretation of the Plan such that it includes a "one-year marriage exception" to widow's pension benefits when a Plan participant dies – is not a proper interpretation of the Plan.  This court finds that all three of Plaintiff's objections are without merit because the administrator's interpretation of the Plan as including a one-year marriage requirement to qualify for widow's pension benefits is not arbitrary and capricious.  Defendant's interpretation of such an exception rational in light of the Plan's provisions.  (R&R at 8).

ERISA's statutory provision for a Plan's marriage requirements provides:

> (1) Except as provided in paragraph (2), a plan may provide that a qualified joint and survivor annuity (or a qualified preretirement survivor annuity) will not be provided unless the participant and spouse had been married throughout the 1-year period ending on the earlier of--
>
> (A) the participant's annuity starting date, or
>
> (B) the date of the participant's death.

29 U.S.C. § 1055(f).  Thus, § 1055(f) permits Defendant to include a one-year marriage requirement for a spouse to qualify for widow's pension benefits.

The relevant language of Section (9)B of the Plan states:

> B. Widow's/Widower's Pension Benefit

---

[2] When referring to the "controlling law," Plaintiff is eluding to 29 U.S.C. § 1055, which requires benefit plans to provide a qualified preretirement survivor annuity to a surviving spouse of a plan participant who dies before the annuity starting date.  *See* 28 U.S.C. § 1055(a)(2).

> The surviving Spouse of an employee
>
> (i) who dies on or after attaining age 60 with 10 years or more of credited service . . . and
>
> (ii) who, if he had retired at the date of his death, would have been eligible to make the election under Section (9)A. shall be entitled to a monthly pension during her lifetime, terminating with the last monthly payment before her death. The monthly pension payable to the surviving spouse shall be the amount she would have been entitled to receive under Section (9)A. above, if the employee had retired on the date of his death, under Section (5) or Section (7), whichever is applicable, ***and had made the election under Section (9)A***. above.

(AR 161-162) (emphasis added).  Thus, in addition to the age and years-of-service requirements of Section 9(B)(i), the deceased employee must have been eligible to make the election under Section (9)A in order for a spouse to qualify for a widow's pension.  Section (9)A provides:

> (9) Surviving Spouse Benefits
>
> A. The Regular Surviving Spouse Option
> \* \* \*
> 2. This automatic election [of a reduced monthly pension benefit] shall be deemed to have been made at the time that the employee applies for a monthly pension under Section (5), (6), (7) or (8) and the effective date of the election shall be the date his monthly pension commences except as follows:
>
> (a) ***In the case of an employee who is married when his election would otherwise become effective but whose marriage at that date has been continuously in effect for less than one year, the effective date of his election shall be the first day of the month following the month in which such marriage has been continuously in effect for one year.*** The automatic election provided in this Paragraph A shall be applicable only with respect to an employee who is married on the date the election shall be deemed to have been made.

(AR at 157-58) (emphasis added).  Based upon Section (9)B, widow's pension benefits are

5

treated as if the employee retired on the date of his death.  The widow is only entitled to the benefits if the employee made the election under Section (9)A.  Therefore, under Section (9)A, Mr. Kern's widow's pension benefits election can only become effective on the first day of the month following the month in which his marriage to Plaintiff has been in effect for one year.  Because Plaintiff married Mr. Kern only four months prior to his death, Mr. Kern's automatic election of the widow's pension benefit never took effect.

Based upon these provisions of the Plan, this Court agrees with Magistrate Judge Randon's conclusion that "Defendant rationally interpreted the language of the Plan." (R&R at 8).  Accordingly, Plaintiff's objections that presume there is no one-year marriage requirement for widow's pension benefits are without merit.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's objections (D.E. No. 20) to the Magistrate Judge's March 16, 2012 Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's March 16, 2012 Report and Recommendation (D.E. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Administrative Record (D.E. No. 11) is **DENIED** and Defendant's Motion for Judgment on the Administrative Record (D.E. No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (D.E. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  July 18, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 18, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez  
Case Manager
